# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

NEW MEXICO HEALTH CONNECTIONS,
a New Mexico Non-Profit Corporation,

    Plaintiff,

vs.

UNITED STATES DEPARTMENT OF HEALTH
AND HUMAN SERVICES, CENTERS FOR
MEDICARE AND MEDICAID SERVICES,
ALEX M. AZAR, II, Secretary of the United States
Department of Health and Human Services, in his
official capacity; and SEEMA VERMA,
Administrator for the Centers for Medicare and
Medicaid Services, in her official capacity,

    Defendants.

Case No. 1:18-cv-00773 SCY/KBM

---

NEW MEXICO HEALTH CONNECTIONS,
a New Mexico Non-Profit Corporation,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF HEALTH
AND HUMAN SERVICES; CENTERS FOR
MEDICARE AND MEDICAID SERVICES;
THOMAS E. PRICE, M.D., Secretary of the United
States Department of Health and Human Services, in
his official capacity; and PATRICK CONWAY,
Acting Administrator for the Centers for Medicare
and Medicaid Services, in his official capacity,

    Defendants.

Case No. 1:16-cv-00878 JB/WPL

**MOTION TO CONSOLIDATE**

Plaintiff New Mexico Health Connections moves to consolidate the above captioned actions pursuant to Federal Rule of Civil Procedure 42(a).

## BACKGROUND

The cases captioned above arise out of rulemaking and other administrative procedure undertaken by the United States Department of Health and Human Services ("HHS") and the Centers for Medicare and Medicaid Services ("CMS") after the passage of the Patient Protection and Affordable Care Act ("ACA"), Pub. Law No. 111-148, 42 U.S.C. § 180001 *et seq.* The two actions captioned above focus on CMS's and HHS's administrative actions as to the Risk Adjustment program under the ACA.

On July 29, 2016, NMHC filed a complaint in the United States District Court for the District of New Mexico, Case No. 1:16-cv-00878 JB/WPL ("Lead Case"), assigned to the Honorable Judge Browning, challenging the Risk Adjustment program on numerous grounds under the Administrative Procedure Act ("APA"). On February 28, 2018, after voluminous briefing and lengthy oral argument, the Court sustained NMHC's challenge in part, finding the agency's justifications for using the statewide average premium in the Risk Adjustment formula were arbitrary and capricious. The Court consequently vacated the Risk Adjustment regulations for benefit years 2014-2018 and remanded the matter back to the agency. *See, New Mexico Health Connections v. United States Dept. of Health and Human Servs.,* No. 16-878, 2018 U.S. Dist. LEXIS 32908, *86-87 (D.N.M. Feb. 28, 2018).

On July 7, 2018, HHS acknowledged that the Court had vacated the 2017 Risk Adjustment regulation, which meant that the agency did not have a program in-force for the 2017 benefit year. Invoking the "emergency" rule, HHS issued a new Final rule for the Risk Adjustment program for benefit year 2017 (the "2017 Rule") without prior notice or an opportunity to comment. On August

13, 2018, NMHC filed a complaint in the United States District Court for the District of New Mexico, Case No. 1:18-cv-00773, currently assigned to Magistrates Steven C. Yarborough and Karen B. Molzen, challenging the 2017 Rule both for failure to follow the notice and comment rulemaking process and as substantively flawed.

As set forth below, both actions share common parties, facts, and legal issues such that consolidation of these matters would prevent inconsistent rulings and generally promote judicial efficiency.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve common questions of law or fact, the court may…consolidate the actions…" Fed. R. Civ. P. 42(a). District courts have "broad discretion" in determining whether to consolidate cases. *Gillette Motor Transp. V. N. Okla. Butane Co.,* 179 F.2d 711, 712 (10th Cir. 1950). Provided that the "cases involve common questions of law and fact," consolidation is generally proper if the "district judge finds that it would avoid unnecessary costs or delay." *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.,* 712 F.2d 978, 989 (5th Cir. 1983) (cited with approval in *Servants of Paraclete, Inc. v. Great Am. Ins. Co.,* 866 F. Supp. 1560, 1572 (D.N.M. 1994)). In deciding whether consolidation is appropriate, the court should "weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice consolidation might cause." *Servants of Paraclete, Inc.*, 866 F. Supp. at 1572. In sum, Rule 42(a) is meant to "give the district court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2381 (3d ed.).

## ARGUMENT

Consolidation of the above-captioned cases is appropriate because the cases involve common questions of law and fact and because consolidation would conserve judicial resources while providing justice to all parties.

As an initial matter, the cases share common parties as well as an identical set of core facts.[1] Both matters arise out of HHS' promulgation of rules establishing Risk Adjustment calculations for the benefit year 2017 (the subject year of the 2018 case). Additionally, consolidation would promote efficiency of time and judicial resources because Judge Browning has considered and ruled on voluminous briefing and lengthy oral argument on HHS' promulgation of Risk Adjustment calculations for the benefit year 2017 and is therefore significantly familiar with the issues present in both cases. Given that Judge Browning has already ruled that the agency's justifications for using the statewide average premium in the Risk Adjustment formula were arbitrary and capricious, consolidation is appropriate under these circumstances to avoid the potential for inconsistent legal rulings. Lastly, there is no danger of unfair prejudice or that any party's interest will not be fully protected should the Court grant this motion.

Defendants do not take a position on this motion because they are unaware of evidence that the Complaint has been served under Fed. R. Civ. P. 4.

## CONCLUSION

For the foregoing reasons, the NMHC respectfully moves the Court to enter an Order consolidating the two cases captioned above and further that:

1. Except as the Court otherwise may order, filings shall be made in the Lead Case,

---

[1] Plaintiff is represented by the same counsel in both cases. The United States Department of Justice represents Defendants in both cases.

*Motion to Consolidate* 4

Case No. 1:16-cv-00878 JB/WPL, with the Honorable Judge Browning presiding.

2.  The Court will set a single case management schedule to govern the consolidated actions.

**Dated: August 15, 2018**

/s/ *Nancy R. Long*
Nancy R. Long
LONG, KOMER & ASSOCIATES, PA
2200 Brothers Road/PO Box 5098
Santa Fe, NM 87502
(505) 982-8405
nancy@longkomer.com
email@longkomer.com
vmarco@longkomer.com

Barak A. Bassman
Sara B. Richman
Leah Greenberg Katz
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215-981-4000
bassmanb@pepperlaw.com
richmans@pepperlaw.com
katzl@pepperlaw.com

Marc D. Machlin
PEPPER HAMILTON LLP
Hamilton Square
600 Fourteenth Street, N.W.
Washington, D.C. 20005-2004
202-220-1200
machlinm@pepperlaw.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 15th day of August 2018 the foregoing *Motion to Consolidate* was electronically filed with the Clerk of Court using the CM/ECF system.

I FURTHER CERTIFY that I served a copy of the forgoing via email to the following counsel:

James R. Powers
U.S. Department of Justice
Civil Division | Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, D.C. 20530
Telephone: (202) 353-0543
james.r.powers@usdoj.gov

                                          */s/ Nancy R. Long*
                                          NANCY R. LONG